UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

```
----------------------------:
JAMES E. SHELTON,            :  Case No.: 24-cv-1429
individually and on behalf   :
of all others similarly      :
situated,                    :
                 Plaintiff,  :  Brooklyn, New York
                             :  May 3, 2024
        v.                   :  10:06 - 10:31 a.m.
                             :
HEAVY FLUCE INC.,            :
                 Defendant.  :
----------------------------:
```

TRANSCRIPT AND STATUS CONFERENCE HEARING
BEFORE THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:            PERRONG LAW LLC
                          BY:  Andrew R. Perrong, Esq.
                          2657 Mt. Carmel Avenue
                          Glenside, PA 19038


For Defendant:            DAVIS & GILBERT
                          BY:  Danielle C. Zolot, Esq.
                          1675 Broadway
                          New York, New York 10019


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    MR. PERRONG:  Andrew Perrong on behalf of

2    plaintiff, James Shelton, who's seated to my right.

3         THE COURT:  Okay.  Good morning.

4         MS. ZOLOT:  Danielle Zolot from Davis &

5    Gilbert LLP on behalf of defendant.

6         THE COURT:  So is Mr. Cohen here?

7         MS. ZOLOT:  He's on his way.

8         THE COURT:  And how far away is he?

9         MS. ZOLOT:  A few minutes ago he told me

10   ten minutes, and that does not include security for

11   the building.

12        THE COURT:  All right.  Frankly, this is

13   mostly for Mr. Cohen's benefit, but I also am

14   mindful of counsel's time, and I do have some other

15   conferences shortly.

16        Well, I guess, first, has there been any

17   further development?  I'll just ask defense counsel.

18   I mean, I know there's a pending motion to withdraw,

19   but is there any change in that area, or that's

20   still the plan going forward, that you're planning

21   to withdraw?

22        MS. ZOLOT:  No changes, Your Honor.

23        THE COURT:  Okay.  Could I ask you to step

24   out and just to give him a call just to see where he

25   is?  If he's answering his phone, that's a bad sign

1    already.  So if you could maybe just take a moment

2    to do that, please.

3              MS. ZOLOT:  Sure.

4              THE COURT:  So can I ask you, if possible,

5    I'm just going to call him now, if you can provide

6    his phone number.

7              MS. ZOLOT:  Sure.  347-761-4667.

8              THE COURT:  347-761-4667.

9              MS. ZOLOT:  Yes.

10             (Pause)

11             MR. COHEN:  Hello?

12             THE COURT:  Hi, Mr. Cohen, this is Judge

13   Marutollo.

14             MR. COHEN:  Hi, Judge.  How are you?

15             THE COURT:  So I understand from your

16   counsel that you're looking for parking.  We have a

17   pretty busy schedule this morning.  The conference

18   started at 10:00, so I'm going to ask you to be on

19   the line now.  I don't want to waste any more of

20   counsel's time or the Court's time waiting for you,

21   so we're going to start the conference now with you

22   here via phone, okay?

23             MR. COHEN:  Okay.  No problem.  Sorry about

24   that.

25             THE COURT:  So again, and to the extent --

1    and frankly, I appreciate you're in front of the

2    courthouse, but when you get to the courthouse,

3    you'll have to go through security and give your

4    phone, and that's going to take at least a few more

5    minutes.  And I'm conscious of the fact that your

6    current attorney is seeking to withdraw, and I don't

7    want to particularly waste any more of her time, or

8    for that matter, plaintiff's counsel or his client's

9    time.

10            So again, we're here because Judge

11   Matsumoto had issued an order in April indicating

12   that Mr. Cohen, as the purported owner of the Heavy

13   Fluce Inc. company, that you advise that -- well,

14   one, that Judge Matsumoto advised that you may not

15   represent a defendant corporation unless you're an

16   attorney licensed to practice law.

17            And there's case law that is firm on this

18   point.  Judge Matsumoto cited to the case *Grace v.*

19   *Bank Leumi Trust of New York*, 443 F.3d 180 from the

20   Second Circuit that said that, "A corporation may

21   appear in the federal courts only through licensed

22   counsel."

23            I subsequently issued an order setting this

24   conference, and I note in the future, if there are

25   conferences that you're required to be at, and if

AMM TRANSCRIPTION SERVICE - 631.334.1445

1   you're late, I will sanction you, okay.  So that

2   means that there would be a monetary penalty for

3   being late.  Thankfully, your counsel had your

4   number and was able to connect you here today.  So I

5   just want to flag that for the future.

6           So again, there's a motion to withdraw

7   pending from your counsel.  And when that motion is

8   granted, the defendant corporation here will be in

9   default.  So I wanted to have this conference today

10  to explain a few things, first to Mr. Cohen, but

11  also to the plaintiffs to kind of see about next

12  steps.

13          You know, should your counsel, Mr. Cohen,

14  be allowed to withdraw, an entry of default will be

15  noted against the company that you are involved in,

16  unless you can find proper counsel.  Should the

17  company be in default, the plaintiff could then find

18  a motion for default judgment against the company.

19  So even though you may be involved in the case,

20  Mr. Cohen, you, again, cannot represent the company.

21          Do you understand all of that, sir?

22          MR. COHEN:  Yes, sir.

23          THE COURT:  Okay.  So, one, have you

24  obtained -- Mr. Cohen, have you obtained new

25  counsel?

1          MR. COHEN:  I have not.

2          THE COURT:  Okay.  And do you have any

3    timeline as to when you would be able to retain new

4    counsel?

5          MR. COHEN:  I don't have a specific

6    timeline, but I will grant my current lawyer to

7    leave as counsel, but I don't have a specific

8    timeline.

9          THE COURT:  Have you reached out to any

10   other attorneys yet to try to get new counsel?

11         MR. COHEN:  I tried to reach out to

12   attorneys, but just the cost was too much, and I

13   couldn't find an attorney that was within my budget.

14         THE COURT:  Well, again, just to be clear,

15   if you don't have a new counsel, and unless there's

16   a change from plaintiff here, you would be in

17   default, which would mean that the plaintiff would

18   move for default judgment, and you'd be -- and

19   plaintiff would be entitled to the money that

20   they're seeking in default.

21         Do you understand that?

22         MR. COHEN:  So if it is the default

23   judgment -- I just want to be clear, it doesn't

24   qualify the class action, right?

25         THE COURT:  I'm sorry?

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              MR. COHEN:  I'm just saying, if it's a
 2   default judgment, it's not a class action.
 3              THE COURT:  No, but a default judgment, I
 4   think, would be basically the worst possible outcome
 5   for you.  I mean, as counsel, I'm sure has told you,
 6   that if you're in default, and the Court agrees that
 7   you're in default, and a default judgment is entered
 8   against you, plaintiff would be able to obtain all
 9   the relief that's sought in the complaint.  So you
10   would effectively have forfeited, and that would be
11   the end of the case, and you'd have to pay that
12   money.
13              So it's a significant decision.  If you
14   don't want to proceed with counsel, unfortunately
15   for you, the case law is clear that you cannot
16   represent the corporation as a pro se litigant,
17   which means a non-lawyer litigant.  So that's where
18   we are.
19              Do you understand that, sir?
20              MR. COHEN:  Yes.
21              THE COURT:  All right.  So let me just ask
22   plaintiff's counsel, has there been any discussion
23   thus far regarding resolution of this case?
24              MR. PERRONG:  Well, Your Honor, there has
25   been some movement from the defense side, but we
```

1    believe that the plaintiff's financial disclosures

2    that were voluntarily provided to us do not paint an

3    accurate picture of the defendant's current

4    financial situation.

5         So in that event, we're -- you know, if the

6    defendant corporation would like to seek a default,

7    a strategic default, then we'll just go down that

8    road.  And we also intend to amend to add Mr. Cohen

9    personally under the TCPA, as the TCPA does impose

10   personal liability.

11        THE COURT:  I'm sorry, it does?

12        MR. PERRONG:  It does impose personal

13   liability on a corporate officer that's involved in

14   telemarketing conduct.

15        THE COURT:  And is there any thought on the

16   plaintiff's side to remove the corporate defendant

17   and just seek your claims against Mr. Cohen?

18        MR. PERRONG:  Well, I think that the

19   amended complaint would list both Mr. Cohen and the

20   corporation, because, as we've indicated, we don't

21   believe that the financial disclosures made to us

22   were completely accurate.  And we have additional

23   information that the corporation is actually, in

24   fact, quite solvent and capable of paying a

25   judgment.

1     THE COURT:  And just to be clear though, on

2  that end -- and Mr. Cohen, could you hear

3  plaintiff's counsel?

4     MR. COHEN:  I can't hear him so well.

5     THE COURT:  Well, to summarize what he

6  said, basically the plaintiff is going to file an

7  amended complaint that names not only the company,

8  Heavy Fluce, doing business as Fluce AI, but also

9  you as a defendant.

10     Now, assuming that happens, Mr. Cohen, you

11  could represent yourself, so you wouldn't need an

12  attorney there.  But the company, if you don't have

13  an attorney, would remain in default or would be in

14  default at that point.

15     MR. COHEN:  I would like the default.

16  Yeah.

17     THE COURT:  Do you understand what the

18  default means though?

19     MR. COHEN:  Yes, I understand.

20     THE COURT:  What does it mean?

21     MR. COHEN:  It means that we would have a

22  judgment against our company.

23     THE COURT:  And do you realize the

24  financial circumstances of what that means?

25     MR. COHEN:  Yeah, I understand.

AMM TRANSCRIPTION SERVICE - 631.334.1445

1          THE COURT:  All right.  Well, again, I'm

2     not going to rule on a motion for default that

3     hasn't been added yet.  But I will order the

4     plaintiff to obtain a copy of the transcript today.

5     And to the extent you plan on moving for a default

6     judgment, you know, you may want to include that

7     information in the motion in terms of Mr. Cohen's

8     view.

9          Mr. Cohen, I am going to note though that

10    you did appear for the conference today, and there

11    may be subsequent conferences in which you will be

12    ordered to appear.  So, separate and apart from any

13    default judgment that's entered against you or your

14    company, which arguably could bankrupt your company,

15    and also remember, they're going against you

16    personally, and you have to appear personally as

17    well.

18         So, while I take it that you are fine with

19    default right now, I would encourage you to look at

20    the plaintiff's papers and the significance and

21    ramifications of what a default judgment entered

22    against you and your company would entail in federal

23    court, where you could be liable for significant

24    sums, among other things.

25         Separate from all that, I will be holding

1    other conferences in this case, and I will order you

2    to appear, especially if you're named as a

3    defendant, which sounds like the plaintiff is

4    planning to do.  So I have this number for you --

5              MR. COHEN:  I'm just curious, If I just

6    default now, it would be a default against my

7    company, right?

8              THE COURT:  Well, it's not exactly how that

9    works.  There are a number of procedural rules that

10   the plaintiff, as the moving party, would need to

11   comply with.

12             But separate from that, the plaintiff is

13   planning to file an amended complaint naming you as

14   a defendant.  So, you know, that's going to be a

15   separate claim that's going to be going against you

16   personally.

17             You, again, can appear on your own behalf

18   as an individual, but not as a corporation.  So you

19   may want to think, if you want to proceed, at least

20   on that front, so that you're not -- you personally

21   are not in default.  And there'll be motion

22   practice, and I'll set a schedule in a moment as to

23   what that will look like.

24             But just to be clear, Mr. Cohen, do you

25   have any interest in obtaining an attorney for your

1   corporation at this point?

2            MR. COHEN:  I do not, and I would like to

3   do a default judgment.

4            THE COURT:  All right.  Well, this is what

5   I'll do.  I'm going to, after this conference, grant

6   the motion to withdraw from defense counsel.  I'm

7   going to set a deadline for the plaintiff to file an

8   amended complaint.

9            How much time do you think you need to file

10  the amended complaint?

11           MR. PERRONG:  We can get one on file within

12  two weeks, Your Honor.

13           THE COURT:  Okay.  So let's say May 17th.

14           MR. PERRONG:  Your Honor, I believe the

15  17th is a Friday.

16           THE COURT:  Yes.

17           MR. PERRONG:  Could we get until the

18  following Monday?

19           THE COURT:  Yes, May 20th is fine.

20           And then how much time do you need

21  thereafter to seek a certificate of default?

22           MR. PERRONG:  Assuming that there's no

23  answer, we'll file the certificate of default

24  within -- we'll seek the entry of default within one

25  week of the actual date of default, and file the

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    motion within, say, 14 days thereafter, after entry

2    of the default.

3             THE COURT:  So, let's see.  I'll order

4    defendant, Mr. Cohen, to respond to the complaint 21

5    days after service.

6             So, Mr. Cohen, you're going to be served

7    with the amended complaint in this case that names

8    you as a defendant.

9             You still there, Mr. Cohen?

10             MR. COHEN:  Served with the amended

11   complaint which names me as a defendant.  Why can't

12   we just do a default judgment now?

13             THE COURT:  Because, as I said a few

14   moments ago, the plaintiff has to show a few items

15   for what a default judgment would entail.  That

16   motion has not been made yet.  And the plaintiff is

17   also seeking to add you as a defendant in the case.

18   And the plaintiff has the right at this point to

19   file an amended complaint to name you as a

20   defendant.  So there will not be a default judgment

21   right now.  There may be a default judgment later.

22   Although, again, I'll give you time to review what

23   the plaintiff sends and to think about what that

24   will entail.

25             MR. COHEN:  So -- oh, so you're saying that

1    the difference between the business and person -- so

2    I can't represent my business and personally?

3           THE COURT:  No.  Mr. Cohen, you can

4    represent yourself.  So in the amended complaint,

5    there will be, it seems like two defendants.  There

6    will be Heavy Fluce, right, your company.  You

7    cannot represent your company.  The other defendant

8    will be you, assuming that that's what ends up

9    happening with the amended complaint.  You can

10   represent yourself.  Okay?

11          MR. COHEN:  You're saying I can represent

12   myself, but my company will have to --

13          THE COURT:  No.  Mr. Cohen, you can

14   represent yourself, but you can't represent your

15   company.

16          MR. COHEN:  Got it.

17          THE COURT:  So --

18          MR. COHEN:  So the company will have to --

19   so the amended -- are they able to -- I'm just

20   curious how this works.

21          Are they just able to add me personally?

22          THE COURT:  Yes.

23          MR. COHEN:  If it was on my business 100

24   percent?

25          THE COURT:  Well --

1          MR. COHEN:  Isn't that the whole point of a

2     corporation?

3          THE COURT:  Well, I guess the short of it

4     is, the plaintiffs will be naming you as a

5     defendant, okay.  They will be serving you as a

6     defendant.  And then you need to respond, you

7     personally, okay.  If you don't respond, you could

8     also be in default.

9          And again, this default could add up

10    quickly here in terms of what the damages are,

11    because there are treble damages that are being

12    sought here.  I believe, right?  I think there are

13    treble damages in this case.

14         So again, I want to give you an opportunity

15    to look at all that.  If you don't want to have an

16    attorney, that's your decision, but you can

17    represent yourself.  So you may want to consider

18    representing yourself, at least for portions of this

19    case.

20         I do need though -- I have your number.  I

21    do want to flag, especially for future court

22    conferences, what is your address -- or what's your

23    service address?

24         MR. COHEN:  1923 McDonald Avenue, Number

25    58.

            AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1            THE COURT:  And I'm sorry, what's the rest
 2   of the address?
 3            MR. COHEN:  Brooklyn, New York 11223.
 4            THE COURT:  I'm sorry.  1-1 what?
 5            MR. COHEN:  11223.
 6            THE COURT:  So 1923 McDonald Avenue, Number
 7   58, Brooklyn, New York 11223.
 8            MR. COHEN:  Yeah.  So if they're going to
 9   name me personally, then I might as well -- I can
10   get a lawyer.  I can get the same lawyer to, like,
11   represent both me and the business?
12            THE COURT:  Yes, definitely get a lawyer to
13   represent you completely.  I mean, are you
14   interested in getting a lawyer?  I mean, I can --
15            MR. COHEN:  I mean, if you're saying that a
16   default judgment is not going to take effect right
17   away, and they are going to be able to name me
18   personally then -- do you know what I am saying?
19            THE COURT:  Well, a certificate of default
20   would likely be issued pretty quickly here from the
21   clerk of the court.  But the actual judgment would
22   need motion practice.
23            So in other words, the plaintiff would file
24   a brief, a written memorandum of law, and then if
25   you wanted, if you're named as a defendant, you
```

1   could respond on your own behalf.

2           So why don't I do this.  I'll, again, just

3   in terms of the schedule, I'm going to grant the

4   current defendant's motion to withdraw.  I'm going

5   to order the plaintiff to file an amendment

6   complaint by May 20th.  I'm going to ask Mr. Cohen,

7   if you're named as a defendant, to respond to the

8   complaint 21 days after service.  I'll order the

9   parties -- I'll order you, Mr. Cohen, to file a

10  letter with the Court by May 28th indicating whether

11  you have retained counsel for you or your company.

12          MR. COHEN:  Okay.

13          THE COURT:  And what's your e-mail address,

14  sir?

15          MR. COHEN:  Ralcoh@icloud.com.

16          THE COURT:  R-A-L-C-O-H --

17          MR. COHEN:  @icloud.com.  Yeah.

18          THE COURT:  Ralcoh@icloud.com.

19  I-C-L-O-U-D.com?

20          MR. COHEN:  Correct.

21          THE COURT:  All right.  So I'm going to --

22  we'll have the -- I'll order the clerk of the court

23  to send a copy of this order to your e-mail, okay.

24  In order to file a letter with the Court, I'll

25  direct you to the pro se office in the courthouse,

1  and they can help you in terms of the logistics of

2  how to actually file that letter on the docket.

3          So you need to file that letter by May

4  28th.  And you also need to respond to the complaint

5  within 21 days.  I'll also set a deadline for the

6  plaintiff to seek default judgment here.  Let's say

7  by June 28th?

8          MR. PERRONG:  That's acceptable, Your

9  Honor.

10          THE COURT:  And we'll set that as the

11  deadline.

12          MR. PERRONG:  And, Your Honor, just in

13  terms of serving Mr. Cohen personally, you know,

14  obviously we do understand that Rule 4 does require

15  us to serve him personally, but if the Court would

16  indulge asking Mr. Cohen if he'd be willing to waive

17  service in this respect, to make it easier for all

18  of us?

19          THE COURT:  Well, you know, I'm actually

20  going to ask you to serve him personally, especially

21  if there's a motion for default judgment.

22          MR. PERRONG:  Certainly.

23          THE COURT:  I want there to be clarity on

24  this point, particularly as he's not represented by

25  counsel, as I've now granted -- I will formally

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    grant it, but I've effectively granted the motion

2    for defendant to withdraw.

3         So let me just ask though, especially given

4    the circumstances, I'll ask plaintiff's counsel

5    first.  I appreciate that you're not -- you know,

6    there have been issues with financial disclosures,

7    but is there a sense that you'd be able to engage in

8    settlement negotiations with Mr. Cohen at this

9    point?

10        MR. PERRONG:  Certainly, Your Honor.  We're

11   always open to having those discussions, provided

12   that we get accurate disclosures that conform.

13        And obviously, you know, for the Court's

14   edification, we believe that Mr. Cohen's a man of

15   means, that this is not something that is beyond his

16   ability to pay or otherwise satisfy.  So keeping

17   that in mind, we're always willing to engage in

18   those discussions.

19        THE COURT:  All right.  So I'm going to

20   note in a minute entry that I encourage the parties

21   specifically -- well, I encourage Mr. Cohen, who's

22   currently a nonparty but will be a party shortly,

23   and plaintiff to discuss settlement.

24        Mr. Cohen, I would strongly encourage you

25   to discuss settlement as the cost of a resolution

1    here may be considerably cheaper than the path that

2    you may otherwise be going.  So, you know -- and

3    again, I'm happy to schedule a settlement conference

4    as well in the near term, if that's useful.  So

5    anyway, I'll put all this into a minute entry

6    shortly.

7              Any other questions, Mr. Cohen?

8              MR. COHEN:  No.

9              THE COURT:  Okay.  Any other questions from

10   counsel?

11             MR. PERRONG:  In terms of ordering a copy

12   of the transcript, for how long would we have to

13   order the copy of the transcript of today's

14   proceedings?

15             THE COURT:  I would just recommend you to

16   look at my website about the logistics on how to do

17   it, but I would -- and I think you'd have at least a

18   week to order it.  And in terms of a motion, I mean,

19   you'd want to get it before the motion, obviously,

20   so -- but I think you'd have at least a week to get

21   it.

22             MR. PERRONG:  Okay.

23             THE COURT:  All right.  Anything further?

24             MS. ZOLOT:  No.

25             THE COURT:  All right.  Thanks, Mr. Cohen.

AMM TRANSCRIPTION SERVICE - 631.334.1445

1   All right.  Thank you, all.

2          MR. PERRONG:  Thank you.

3

4                      0o0

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1
 2                    C E R T I F I C A T E
 3
 4        I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   Shelton v. Heavy Fluce Inc., Docket Number:24CV1429
 7   was prepared using digital transcription software and
 8   is a true and accurate record of the proceedings.
 9
10
11   Signature   _Adrienne M. Mignano_
12               ADRIENNE M. MIGNANO, RPR
13
14   Date:      May 6, 2024
15
16
17
18
19
20
21
22
23
24
25
```

AMM TRANSCRIPTION SERVICE - 631.334.1445