# LAW OFFICE OF COURTNEY K. DAVY, L.L.P.
ATTORNEY AT LAW
299 BROADWAY, SUITE 1700
NEW YORK, N.Y. 10007

TEL: 516.850.1800/212-786-2331 EMAIL: courtneydavy.esq@gmail.com  FAX:  347-658-3081

July 14, 2024

United States District Court
Eastern District of New York
Judge Kiyo A. Matsumoto
225 Cadman Plaza East
Court Rm. 6B South
Brooklyn, NY 11201

      Re:    JAMES E. SHELTON, et al. v. HEAVY FLUCE INC., et. al.    Case No. 24-cv-1429

Dear Judge Matsumoto,

    My office represents the defendants in the above-captioned matter. The above-referenced matter was brought pursuant to the Telephone Consumer Protection Act (TCPA). Defendant writes the court pursuant to the Court's individual parts rule requesting a pre-motion conference date.  Defendants intend to move this Court to dismiss the Complaint brought by Plaintiff, James E. Shelton, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants' anticipated motion is based on the Plaintiff's allegations that do not meet the legal requirements established under the Telephone Consumer Protection Act (TCPA), that the defendant did not use an Automatic Telephone Dialing System (ATDS), and that there was prior implied consent to the subject calls that are the basis for the plaintiff's cause of action.

    The alleged calls giving rise to this action come within the exempted category of legitimate business-to-business communication of the TCPA and, therefore, do not violate the TCPA. The plaintiff's phone appears as a business number. The number at the subject of this cause of action can be found on the plaintiff's website for his business, FinalVerdictSolutions.com. The plaintiff runs a business and has the number in question here as his business number, which falls under the above reference exemption. The TCPA and subsequent FCC rulings provide exemptions for calls made to persons with whom the caller has an established business relationship or where the call is made for commercial, not telemarketing, purposes to a business (47 CFR § 64.1200(a)(3)(ii)). Since the Plaintiff publicly listed his business number and engaged in business inquiries, he effectively invited such communications, differentiating them from unsolicited consumer telemarketing calls. The calls in question herein fall within the B2B exemption, and were not made to randomly dialed consumer phones, but were instead targeted businesses with whom Defendant sought to establish or had an existing business relationship (47 CFR § 64.1200(a)(3)(ii)).

Although Plaintiff alleges that Defendant made unauthorized telemarketing calls using an automatic telephone dialing system (ATDS) and prerecorded messages without obtaining prior express consent, this allegation is inaccurate. The mechanism utilized by the defendant to make the alleged calls to the plaintiff is not an ATDS. Defendant, Heavy Fluce Inc., doing business as Fluce AI, is a nascent enterprise that markets artificial intelligence software solutions aimed at enhancing business operations through Customer Relationship Management (hereinafter "CRM") systems. In 2023, Defendant began an initiative to market these AI-driven solutions to other businesses, leveraging a combination of innovative technology and personal follow-up communications.

As such, Defendant uses a white-labeled Artificial Intelligence ("AI') software platform designed for initiating outbound marketing communications. This platform, configured to operate within legal parameters, was used to contact potential business clients whose numbers were publicly listed for commercial purposes. Notably, this included the business number of Plaintiff James E. Shelton, which, as mentioned above, is prominently displayed on his business website, "FinalVerdictSolutions.com," inviting business-related inquiries. As mentioned above, the alleged communications to the plaintiff were not conducted using an ATDS as defined by the TCPA.

The technology used to initiate calls to the plaintiff required the defendant to manually initiate and oversee calls to ensure compliance with legal standards that exempt such systems from the stringent requirements typically applicable to consumer telemarketing. The Telephone Consumer Protection Act (TCPA) defines an ATDS as a device that can "store or produce telephone numbers to be called, using a random or sequential number generator," and then dial those numbers (47 U.S.C. § 227(a)(1)). The Federal Communications Commission (FCC) further clarified the definition, narrowing it to technology that has the capacity to dial numbers without human intervention (FCC, 2015 Declaratory Ruling). The platform used by the Defendant requires manual initiation for each call, thereby necessitating human intervention and removing it from the scope of what constitutes an ATDS under the current legal framework (ACA International v. FCC, 885 F.3d 687 (D.C. Cir. 2018)). See also, in <u>Soliman v. Subway Franchisee Advertising Fund Trust, Ltd</u>, the plaintiff alleged that the defendant violated the Telephone Consumer Protection Act (TCPA) by sending a text message to her cell phone using an automatic telephone dialing system (ATDS) and which utilized an "artificial or prerecorded voice."

The calling system used by defendants to call the plaintiff is neither designed to store or produce numbers and would be impractical to the defendants' business objectives of selling CRMs to businesses. There is no readily available consumer purpose for the defendants' technology, and therefore, calls were tailored to contact businesses from a list containing business numbers that had a potential need for such a service.

Similarly, the Second Circuit affirmed the district court's decision to dismiss the case because the TCPA did not apply. The Court held that TCPA only prohibits the use of a telephony system that randomly or sequentially generates telephone numbers. Therefore, the definition of an ATDS does not include a telephony system that dials or texts from a stored list of pre-existing telephone numbers. In the case at bar, Defendant denies the allegations in the Complaint that the

alleged calls made to Plaintiff were executed using an Automatic Telephone Dialing System (ATDS) as defined under the Telephone Consumer Protection Act (TCPA) and clarified by the Federal Communications Commission (FCC) and pertinent case law. The technology used required significant human intervention, specifically in selecting and initiating calls, which does not meet the legal definition of an ATDS (47 U.S.C. § 227(a)(1); ACA International v. FCC, 885 F.3d 687).

      For the reasons stated above, the Defendants respectfully request a pre-motion conference.

Dated July 14, 2024
    New York, NY

                                              Respectfully submitted

                                              /s/
                                              Courtney K. Davy. Esq.
                                              299 Broadway - Suite 1400
                                              New York, New York 10007
                                              516-850-1800