

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com  Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com  Fax (888) 329-0305

July 28, 2024

*Via* ECF

Chambers of Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Defendants' Pre-Motion Letter,
*Shelton v. Heavy Fluce Inc.*, No. 24-cv-1429

Dear Judge Matsumoto:

I represent Plaintiff James E. Shelton in the above-captioned matter. We write to address the Defendants' pre-motion letter filed with the Court on July 16, 2024 (ECF No. 30), where Defendants state they intend to move for dismissal under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In sum, Defendants argue that this case should be dismissed because they contend that the section of the TCPA under which the Plaintiff sues requires a plaintiff to plead that an ATDS was used to place the calls and because they contend that the statute does not apply to telephone numbers associated with businesses.

As will be described below, such arguments are meritless, are directly contradicted by at least two court decisions directly addressing them, and are patently frivolous because they are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

*First*, the Plaintiff sues the Defendants for violating 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits making "*any* call . . . using any automatic telephone dialing system *or* an artificial or prerecorded voice . . . to *any telephone number* assigned to any service for which the called party is charged for the call." (emphasis added). The plain text of the statute is clear in that it prohibits two unique types of conduct: either (a) placing a call with an "automatic telephone dialing system" (ATDS), *or* (b) placing a call using an "artificial or prerecorded voice." The Plaintiff sues under,

and alleges, only the latter. (ECF No. 23 ¶ 12, 13, 17, 18, 32, 35–38). For their part, the Defendants admit that they used a "white-labeled Artificial Intelligence ("AI") software platform" to place the calls, thus satisfying the second option.

Congress knows how to draft a statute. *Jama v. ICE*, 543 U.S. 335, 341 (2005). "The best way to know what Congress intended when it passed a statute is to look at the text of the law. The Telephone Consumer Protection Act is no exception." *Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *1 (E.D. Pa. Sept. 18, 2023). "The statute's use of the word 'or' demonstrates that it is disjunctive, meaning that a plaintiff need only satisfy one of those criteria to state a claim." *Id.* at *2 (citing *Pellegrino v. United States of America Transportation Security Admin., Div. of Dept. of Homeland Sec.*, 937 F.3d 164, 178 (3d Cir. 2019)). Section 227(b)(1)(A)(iii) applies to calls that use an ATDS *or* an artificial voice *or* a prerecorded voice; it does not require proving both. *Id.*

With respect to the first argument, then, this Court must arrive at the same decision as the Court in *Bradford*: the Defendants' argument here is "at odds with the statutory language." *Id*. Defendants' argument here, *exactly* like the defendant in *Bradford*, ignores the statute's use of the word "or." "The statute, on its face, does not require the use of an ATDS." *Id*. Any issues with ATDS allegations, therefore, must fail because the statute *does not require* proving the use of an ATDS, as the Defendants claim. Their argument on this point is therefore wholly irrelevant.

*Second*, the Defendants are not entitled to an exemption for calling a business number *for which the called party is charged* using a prerecorded voice. Again, the Defendants' argument is in direct contradiction to the plain text of the statute. The statute sued under here, 47 U.S.C. § 227(b)(1)(A)(iii), prohibits making *any* artificial or prerecorded voice call to *any* telephone line absent emergency purposes or prior express written consent. This Court is driven by the bedrock principle that "[t]he assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *U.S. v. Albertini*, 472 U.S. 675, 680 (1985). When "the statutory language provides a clear answer, [the analysis] ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999).

The exemption claimed by the Defendants, 47 CFR § 64.1200(a)(3)(ii)), does not apply to 47 U.S.C. § 227(b)(1)(A)(iii). Rather, it applies only to persons or entities making calls to "residential lines" subject to the exemptions found in 47 U.S.C. § 227(b)(1)(**B**), a section that the Plaintiff *does not sue under*. That section prohibits initiating artificial or prerecorded voice calls to "residential telephone line[s]" . . . unless the call . . . is exempted by rule or order by the Commission *under paragraph (2)(B)*." 47 U.S.C. § 227(b)(1)(B) (emphasis added). In turn, 47 U.S.C. § 227(b)(2)(B) permits the Federal Communications Commission to promulgate rules regarding transmission of artificial or prerecorded voice calls to residential lines, as outlined in the preceding subsection. 47 U.S.C. § 227(b)(2)(B). Those regulations are found in

47 CFR § 64.1200(a)(3), which outlines the rulemaking *for prerecorded calls to residential lines*, expressly as Congress authorized in 47 U.S.C. § 227(b)(2)(B). 47 CFR § 64.1200(a)(3) ("A telephone call to any residential line using an artificial or prerecorded voice to deliver a message requires no consent if the call . . .").

Again, the Defendants' argument here is directly and flatly contradicted by existing law. In addressing the *very exemption cited here*, 47 C.F.R. § 64.1200(a)(3)(ii), the Court in *Perrong v. Victory Phones LLC* held that the "operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and pre-recorded voice calls to a variety of telephone numbers. Relevant here, § 227(b)(1)(A)(iii) prohibits calls to numbers 'assigned' to paging services, cell phones, radio services, and 'any service for which the party is charged for a call.'" No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021). In the undersigned counsel's victory in *Victory Phones*, Court concluded that the *very same* allegation here–that the plaintiff's phone was charged "$0.017" for the call–was sufficient to place the plaintiff under the protections of § 227(b)(1)(A)(iii), for which it held there was no exemption under 47 C.F.R. § 64.1200(a)(3)(ii). *Id.* Moreover, the Court held that a VoIP service, just like the Plaintiff here alleges, did not qualify as a "residential telephone line" under § 227(b)(1)(B). Regardless, the plaintiff there, as the Plaintiff here, did not sue under that section for calls to a residential line, and therefore was not entitled to any of the exemptions promulgated by the FCC which apply only to that section, nor required to prove that his line was residential. *Id.* at *6–7.

Plaintiff remains hopeful that this letter, and subsequent conference, will cause the Defendants to reconsider their positions. Should they not, the Plaintiff will respond to any frivolous motion in due course.

I remain at your chambers' dispensation in the event that further correspondence or clarification is required.

Respectfully Yours,

Andrew R. Perrong, Esq.
